## C. C. KELLY BANKING CO. *v.* O. S. MCPHERSON.

### [56 South. 266.]

1. MORTGAGES. *Foreclosure. Payment. Trustee. Amount of bid.*

   Where property is subject to two mortgages and is sold under the senior mortgage by the trustee and the junior mortgagee became the purchaser, he must pay to the trustee the full amount of his bid and not merely the amount of the senior mortgage, in order to stop the running of interest on the senior mortgage.

2. SAME.

   In such case while it is true that the junior mortgagee is entitled in equity to the balance remaining in the hands of the trustee after satisfying the senior mortgage, still the junior mortgagee, being the purchaser, cannot assume to adjudicate the validity of his own claim or the amount thereof and compel the trustee making the sale to accept less than the amount of the bid for the property. It is the duty of the trustee to collect the entire amount of the bid, by whomsoever made, and after satisfying his own mortgage to pay over the surplus to the party entitled to same.

APPEAL from the chancery court of Attala county.

HON. J. F. McCOOL, Chancellor.

Suit by O. S. McPherson against C. C. Kelly Banking Co. et al. From a judgment for plaintiff, defendant appeals.

A full statement of facts will be found in the opinion in *McPherson* v. *Davis,* 95 Miss. 215, 48 South. 625. The instant case is an appeal from a decree entered after the former case was remanded. Upon the remanding of the former case, it was shown that Lowenberg had actually paid one thousand dollars to Davis, trustee, and that Davis had been holding this money awaiting the result of the litigation. Complying with the mandate of the court under the former decree, Davis paid the whole amount back to Lowenberg. The chancellor thereafter appointed a commissioner to sell the land, and it was sold for about two thousand dollars, and purchased by McPherson, and the money paid into court. The principal contention here between the appellant and the appellee is over the amount claimed as interest from September 14, 1906, the date on which McPherson the second mortgagee and purchaser at the sale under the first mortgage, alleges that he made a tender to the bank of the amount due it under its first mortgage, but not the total amount which he had bid at the sale. The court held that this tender by McPherson on that day stopped the running of interest. It is the contention of the appellant that it was not a legal tender, and that interest did not stop, but continued to run.

*Flowers, Fletcher & Whitfield,* for appellants, cited 28 Am. & Eng. Ency. Law (2d Ed.) 34, 35; *Rowell* v. *Jewett,* 73 Me. 365, 28 Am. & Eng. Ency. Law (2d Ed.), 31, 40, 21 Am. & Eng. Ency. Pl. and Pr. 569; *Miller* v. *McGehee,* 60 Miss. 903, 1 Jones on Mortgages, section 899; *McCalley* v. *Otey,* 99 Ala. 584, 12 South. 406, 42 Am. St. Rep. 87; *McGuire* v. *Van Pelt,* 55 Ala. 344; *Carlin* v. *Jones,* 55 Ala. 624; *Thayer* v. *Meeker,* 86 Ill. 474; *Moynahan* v. *Moore,* 9 Mich. 9, 77 Am. Dec. 468, and note on page 485, 7 Wait's Actions and Defenses, 596, section

17; *Curtiss* v. *Greenbanks,* 24 Vt. 536; *Potts* v. *Plaisted,* 30 Mich. 149; *Harmon* v. *Magee,* 57 Miss. 410; *Tishomingo Savings Institution* v. *Buchanan,* 60 Miss. 496, 20 Am. & Eng. Ency. Law (2d Ed.), p. 1062, 2 Beach on Contracts, sections 302-320; *Werner* v. *Tuch,* 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443.

*Deavours & Shands,* for appellee.

WHITFIELD, C.  The single point presented for decision, in view of the former decision of this court on this record, is whether the appellee made a legal tender sufficient, under the long and well settled principles of law, applicable to that subject, to stop the running of the interest.  We are clearly of the opinion that this record fails entirely to show such a legal tender.  The law will be found in the cases carefully collected in brief of the learned counsel for appellant.

*Reversed and remanded.*

PER CURIAM.  For the reasons indicated in the foregoing opinion, the decree is reversed, and the cause remanded.